# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## Civil Case No. 1:12-cv-00361-MR
## [Criminal Case No. 1:08-cr-00086-MR-1]

| | |
|---|---|
| ALONSO FLORES SALAS, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br>_____ ) | **MEMORANDUM OF <br> DECISION AND ORDER** |

**THIS MATTER** is before the Court for consideration of Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255; Alternative Petition for Relief under 28 U.S.C. § 2241; Alternative Petition for Writ of Coram Nobis; and Alternative Petition for a Writ of *Audita Querela* [Doc. 2] and Petitioner's *pro se* Motion to Alter or Amend Judgment [Criminal Case No. 1:08-cr-00086, Doc. 36] and Motion for Judgment [Criminal Case No. 1:08-cr-00086, Doc. 37]. For the reasons that follow, Petitioner's motions will be denied.

## FACTUAL AND PROCEDURAL HISTORY

On August 6, 2008, Petitioner was indicted by the Grand Jury for the Western District on one count of knowingly entering the United States after

having been previously deported following a conviction for the commission of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) & (b)(2). [Criminal Case No. 1:08-cr-00086, Doc. 1: Indictment].

On October 31, 2008, Petitioner appeared with counsel before a Magistrate Judge and entered a straight-up plea to the one count in the Indictment. [Id., Doc. 17: Acceptance and Entry of Guilty Plea]. Following the entry of his guilty plea, the probation office prepared a Presentence Report (PSR). In the PSR, the probation officer assessed the Petitioner with a total of seven criminal history points. Three points were assessed for a North Carolina conviction for felony indecent liberties, for which Petitioner was sentenced to a suspended sentence of 16-20 months, but which was later activated after Petitioner's probation was revoked by the state court [Id., Doc. 23: PSR ¶ 22]; three points were assessed for a North Carolina conviction for felony failure to register as a sex offender, for which Petitioner had been sentenced to 19-23 months' active imprisonment [Id. at ¶23]; and one point was assessed for a North Carolina conviction for Level III, Driving While Impaired conviction, for which Petitioner was sentenced to a suspended term of 120 days' imprisonment, and 24 months' unsupervised probation [Id. at ¶ 24]. Being assessed with seven criminal history points qualified Petitioner for a Level IV criminal history category,

thereby yielding a Guideline range of 57-71 months. [Id. at ¶ 26]. On February 23, 2009, Petitioner appeared before the Court for his sentencing hearing, and was sentenced to 60 months' imprisonment.[1] [Id., Doc. 25: Judgment in a Criminal Case]. Petitioner filed a timely appeal to the United States Court of Appeals for the Fourth Circuit. [Id., Doc. 27].

On appeal, Petitioner argued that the district court erred by increasing his base offense level by sixteen levels based on the court's conclusion that Petitioner's previous conviction for felony indecent liberties was a crime of violence. See U.S.S.G. § 2L1.1(b)(1)(A)(ii) (2008). After employing the categorical approach as defined in Taylor v. United States, 495 U.S. 575 (1990), the Court concluded that the district court correctly applied the sixteen level enhancement, and thereafter affirmed Petitioner's sentence. United States v. Salas, 372 F. App'x 355 (4th Cir. 2010) (unpublished). On October 4, 2010, the Supreme Court of the United States denied Petitioner's petition for a writ of certiorari. Salas v. United States, 131 S.Ct. 249 (2010).

On May 1, 2012, the Court appointed the Federal Defenders of the Western District of North Carolina, Inc. to determine whether any indigent defendants convicted in this district may qualify for relief based on the

---

[1] The Honorable Lacy H. Thornburg presided over Petitioner's sentencing. Judge Thornburg has since retired and this case was assigned to the undersigned.

3

Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), and if appropriate, to assist them in applying for relief. See In re: Motions for Post-Conviction Relief Pursuant to United States v. Simmons, No. 3:12-mc-92 (W.D.N.C. May 1, 2012). In an Order filed on August 2, 2012, the Court noted Petitioner's pro se motions for relief from his sentence, which were filed in his criminal case, and based on the Fourth Circuit's decision in Simmons. In these motions, Petitioner contended that the Court erroneously assigned him a criminal history point for a sentence for which he did not receive in excess of one year imprisonment. [Criminal Case No. 1:08-cr-00086, Doc. 40: Order at 1-2]. Because Petitioner was represented by retained counsel during his criminal case, the Court required Petitioner to submit an Application to Proceed *In Forma Pauperis* to demonstrate his indigency. Upon receipt of Plaintiff's Application, the Court found that he was in fact indigent and the Federal Defenders office was appointed to represent Petitioner in his post-conviction, Simmons challenge. [Id., Doc. 42: Order of Appointment, filed August 15, 2012]. The Clerk of Court mailed copies of this Order to the Government, the Federal Defenders and the Defendant.

On November 15, 2012, Attorney Leah Kane of the Federal Defenders office filed a notice of appearance in the criminal case and filed

a motion to vacate under 28 U.S.C. § 2255. [See Criminal Case No. 1:08-cr-00086, Doc. 45]. In the Section 2255 proceeding, Ms. Kane contended that Petitioner may be entitled to relief based on Simmons. [Doc. 2]. At the time the § 2255 motion was filed, however, Petitioner's counsel acknowledged that she had not yet gained access to Petitioner's presentence report ("PSR"), and therefore, she was unable to make a full determination of Petitioner's potential eligibility for relief. On January 16, 2013, in a document entitled "Notice of Case Status Report," Petitioner's counsel explained that she had reviewed Petitioner's eligibility and concluded that Petitioner did not appear entitled to relief under Simmons. Petitioner's counsel stated that she would inform Petitioner of her conclusion that he did not appear entitled to relief, and that he may choose to continue his § 2255 proceeding pro se while she would voluntarily dismiss the § 2255 motion she had filed on his behalf. [Id., Doc. 3].

On February 22, 2013, Petitioner's counsel filed a motion to withdraw noting that the Order of Appointment provided that representation would terminate upon counsel's determination that a defendant would not be entitled to relief under Simmons. [Id., Doc. 4 at 1]. On March 4, 2013, the motion to withdraw was allowed. [Id., Doc. 5: Order]. On March 22, 2013, the Clerk of Court reported that the Order allowing counsel to withdraw,

which was addressed to Petitioner at his last known address at the Wiliamsburg Federal Correctional Institution, had been returned with a notation that the Petitioner was no longer incarcerated there. [Id., Doc. 6].

The Court notes that as of the entry of this Order Petitioner's counsel has not voluntarily dismissed the § 2255 motion she filed on Petitioner's behalf even after noting that she would file such a dismissal of the motion because she believed it did not have merit. The Court finds that the § 2255 motion filed by Petitioner, through counsel, does not in fact have merit and the Court will therefore dismiss it. The Court will examine Petitioner's pro se motions for relief which were filed in his criminal case, but which are properly addressed in this civil, collateral proceeding. The motions for relief will therefore be docketed in the § 2255 proceeding and the filing date of the motions for relief in the criminal case (March 1, 2012) will be deemed the filing date for Petitioner's § 2255 motion. See 28 U.S.C. § 2255(a).

## STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter, and applicable

authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## DISCUSSION

A. <u>Section 2255 Proceeding</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f)  A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

7

28 U.S.C. § 2255(f)(1)-(4).

Petitioner's criminal judgment became final on October 4, 2010, the day the Supreme Court denied his petition for a writ of certiorari to review the Fourth Circuit's decision affirming his sentence. See Clay v. United States, 537 U.S. 522, 525 (2003). Petitioner's claim for relief in this collateral proceeding was filed in his criminal case on March 1, 2012. [Criminal Case No. 1:08-cr-00086, Doc. 36: Motion to Alter/Amend Judgment]. According to the one-year limitations period in the AEDPA, Petitioner must have filed for relief under Section 2255 by October 4, 2011. However, Petitioner waited some five months after this limitation period had expired to seek relief, and therefore his petition is untimely.

Even if Petition's claim were timely, he has waived any collateral review of this argument. Petitioner did not object to the inclusion of this one point following his receipt of the PSR or during his sentencing hearing, and Petitioner did not raise this issue on direct appeal. See United States v. Frady, 456 U.S. 152, 164 (1982) ("[W]e have long and consistently affirmed that a collateral challenge may not do service for an appeal.").

Notwithstanding Petitioner's waiver of his opportunity to present the argument regarding this criminal history point, Petitioner's position is simply without merit. Petitioner contends that he is entitled to collateral relief from

his sentence based on the Fourth Circuit's en banc decision in <u>United States v. Simmons</u>.[2] Specifically, Petitioner argues that he was erroneously assessed a criminal history point for a driving while impaired conviction for which he did not serve more than one year in jail. [<u>Id.</u> at 1]. Without this additional criminal history point, Petitioner contends, the Court should have assessed him a criminal history category of III, which would have resulted in a lower Guidelines range.[3]

While Petitioner is correct that his driving while impaired conviction does not qualify as a felony, Petitioner's argument that <u>Simmons</u> somehow precludes the counting of this conviction in the calculation of his criminal history is simply without merit. Section 4A.1.1(c) of the Guidelines provides that one point shall be assessed for *any* prior sentence not counted under § 4A1.1(a) or (b). Petitioner, therefore, was correctly assessed one

---

[2] In <u>Simmons</u>, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense, the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term exceeding one year. <u>Simmons</u>, 649 F.3d at 243 (emphasis added). In reaching this holding, the <u>Simmons</u> Court expressly overruled <u>United States v. Harp</u>, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." <u>Id.</u> (quoting <u>Harp</u>, 406 F.3d at 246) (emphasis omitted).

[3] Petitioner does not contest the assessment of three points for each of his prior felony convictions as noted in paragraphs 22 and 23 of his PSR. <u>See</u> U.S.S.G. § 4A.1.1(a) (2008).

criminal history point for his DWI conviction and the holding in <u>Simmons</u> is simply inapplicable to Petitioner's case.

B.  <u>Section 2241 Relief</u>

Petitioner filed a petition under 28 U.S.C. § 2241 as an alternative claim for relief.[4] This petition will be denied. A petitioner seeking to attack his conviction or sentence must file a motion under § 2255 unless this remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." <u>In re Jones</u>, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit has concluded that the remedy under § 2255 is "in adequate or ineffective" only when:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not of one of constitutional law.

---

[4] As the Court noted herein, the Federal Defenders filed a supplemental memorandum which was, according to Leah Kane, to have been withdrawn because the alternative claims pled therein appeared to be without merit. However, because the memorandum was not withdrawn, the Court will examine the additional claims.

In re Jones, at 333-34. In the present case, Petitioner does not raise a challenge to the legality of his conviction; rather, he only raises an erroneous challenge to his sentence. Accordingly, as Petitioner has failed to demonstrate that pursuit of relief through the provisions of Section 2255 is inadequate.[5]

    C.    <u>Coram Nobis Relief</u>

Petitioner contends that if the preceding petitions are denied, he should be entitled to relief through a writ of *coram nobis*. Relief pursuant to a writ of *coram nobis* should be limited to petitioners who are no longer in custody on their conviction. See <u>Carlisle v. United States</u>, 517 U.S. 416, 428-29 (1996); <u>see also</u> <u>United States v. Orocio</u>, 645 F.3d 630, 634 n.4 (3rd Cir. 2011) ("The writ of error coram nobis 'is used to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and he is no longer in custody for purposes of 28 U.S.C. § 2255.'"). There is nothing before this Court to indicate that Petitioner was not in custody when this additional claim for

---

[5] The Court notes that despite the presence of his prior state drug convictions, Petitioner still received a sentence within the maximum authorized by law. See 21 U.S.C. § 841(b) (providing for an unenhanced sentencing range of not less than 10 years and not more than life imprisonment). In this instance, relief under Section 2255 is limited to a challenge to a sentence that is "in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

relief was filed. In any event, the Court has already concluded that this claim for relief is without merit and the petition will be denied.

### D. Petition for a Writ of Audita Querela

In his final claim for relief, Petitioner contends that he should be entitled to a writ of *audita querela*. The Court finds that the writ of *audita querela* is unavailable to a petitioner that may otherwise challenge his conviction or sentence by way of a Section 2255 motion. "A writ of *audita querela* is not available to a petitioner when other avenues of relief are available, such as a motion to vacate under § 2255." In re Moore, 487 F. App'x 109 (4th Cir. 2012) (unpublished) (citing United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002), and United States v. Johnson, 962 F.2d 579, 582 (7th Cir. 1992) (noting that relief under this writ is unavailable to a petitioner who could raise his claim pursuant to Section 2255)). Petitioner was able to challenge his sentence through a motion under Section 2255, and the application for this petition will be denied.

Finally, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable

12

jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255; Alternative Petition for Relief under 28 U.S.C. § 2241; Alternative Petition for Writ of Coram Nobis; and Alternative Petition for a Writ of *Audita Querela* [Doc. 2] are each **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that Petitioner's *pro se* Motion to Alter or Amend Judgment [Criminal Case No. 1:08-cr-00086, Doc. 36] and Motion for Judgment [Criminal Case No. 1:08-cr-00086, Doc. 37] are **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to docket Documents 36 and 37 from Petitioner's criminal case in the present civil action and show that such motions have been denied.

**IT IS FURTHER ORDERED** that the pursuant to Rule 11(a) of the Rules of Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED**.

Signed: October 28, 2013

Martin Reidinger
United States District Judge